# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NATS EMPEROR SHIPPING LIMITED,

        Plaintiff(s),

-against-

HAWKNET LIMITED and BROBULK LIMITED,

        Defendant(s).

**SUMMONS IN A CIVIL ACTION**

**Case No. 08 CV**



08 CV 3763
JUDGE JONES

TO: (name and address of defendants)

| | |
|---|---|
| HAWKNET LIMITED<br>TUITION HOUSE<br>27-37 ST. GEORGES ROAD<br>LONDON<br>SW19 4EU<br>UNITED KINGDOM | BROBULK LIMITED<br>C/O WALCOT HOUSE<br>WEST DRIVE<br>VIRGINIA WATER<br>SURREY<br>GU24 4ND<br>UNITED KINGDOM |

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
111 Broadway, 10th Floor
New York, NY 10003
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON          APR 2 1 2008

CLERK _(signature)_          DATE

DEPUTY CLERK



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
NATS EMPEROR SHIPPING LIMITED,

           Plaintiff(s),

-against-

HAWKNET LIMITED and BROBULK LIMITED,

           Defendant(s).
----------------------------------------X

**VERIFIED COMPLAINT**

    **PLEASE TAKE NOTICE** that Plaintiff, NATS EMPEROR SHIPPING LIMITED, (Plaintiff or "NATS EMPEROR"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, HAWKNET LIMITED ("HAWKNET") and BROBULK LIMITED ("BROBULK"), alleges, upon information and belief, as follows:

    1.   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

    2.   Plaintiff makes a claim against Defendants for breach of a maritime contract (see infra).

    3.   Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

    4.   Defendant HAWKNET is a business entity organized and existing pursuant to the laws of a foreign country.

    5.   Defendant BROBULK is a business entity organized and existing pursuant to the laws of a foreign country.

    6.   Upon information and belief, HAWKNET is a wholly or

partly owned subsidiary of Defendant BROBULK, or vice versa.

7. Upon information and belief, HAWKNET uses Defendant BROBULK as a conduit to pay its debts and obligations and is otherwise an alter ego of BROBULK, or vice versa.

8. Upon information and belief, BROBULK is a shell corporation through which Defendant HAWKNET conducts business, and vice versa.

9. Upon information and belief, HAWKNET has no separate, independent identity from Defendant BROBULK, and vice versa.

10. Upon information and belief, Defendant HAWKNET is the alter ego of Defendant BROBULK because HAWKNET dominates and disregards BROBULK's corporate form to the extent that HAWKNET is actually carrying on the business and operations of BROBULK, as if they were its own, or vice versa.

11. Upon information and belief, BROBULK acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant HAWKNET and/or receives payments being made to Defendant HAWKNET, or vice versa.

12. Defendant BROBULK was named as a receiving agent for Defendant HAWKNET in a sub-charter agreement for the use of the M/V NATS EMPEROR, while the relevant contract was in effect.

13. On or about April 8, 2008, Defendant BROBULK received a payment on behalf of Defendant HAWKNET, from the sub-charterer of the M/V NATS EMPEROR, while the relevant contract was in effect.

14. On or about April 10, 2008, Defendant BROBULK received a payment on behalf of Defendant HAWKNET, from the sub-charterer of

the M/V NATS EMPEROR, while the relevant contract was in effect.

15. Upon information and belief Defendants are affiliated companies such that Defendant BROBULK is now or will soon be holding assets belonging to Defendant HAWKNET, or vice versa.

16. Upon information and belief, BROBULK is a wholly or partly owned subsidiary of Defendant HAWKNET, or vice versa.

17. Plaintiff, as owner, and Defendant HAWKNET, as charterer, entered into a time charter agreement dated February 29, 2008, for the use of the M/V NATS EMPEROR.

18. Under the charter agreement, Defendant was required to make payments to Plaintiff for hire, freight, deadfreight, bunkering, port expenses, and other costs associated with operating the M/V NATS EMPEROR.

19. On or about April 14, 2008, Defendant informed Plaintiff that it would not continue to pay for hire, freight, bunkers, port fees, or any other costs, as required by the charter agreement.

20. On or about April 14, 2008, Defendant revoked the charter agreement entered into by the parties.

21. Defendant breached the relevant agreement by unlawfully and in contravention of the terms of the agreement, failing to pay, among other aspects, hire, freight, dead freight, bunkering, as well as port dues, agency fees, loss of hire, survey fees, and other costs and damages associated with Defendant's breach, including interest and legal fees.

22. As a result of the foregoing, Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the agreement between the parties.

23. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

24. Despite Plaintiff's repeated demands, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement.

25. Pursuant to the agreement, disputes are to be settled by arbitration in London, and Plaintiff will shortly commence arbitration with Defendant, accordingly.

26. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

27. As a result of Defendant's breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $1,102,000.00 |
| Interest (for a period of 3 yrs at 6.0%) | $210,499.63 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $367,000.00 |
| **Total** | **$1,679,499.63** |

28. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

29. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

30. Defendant cannot be found, within the meaning of Rule B

of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiff.

31. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be

served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$1,679,499.63** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

      D.    That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, NY

            April 21, 2008

                                Respectfully submitted,

                                MAHONEY & KEANE, LLP
                                Attorneys for Plaintiff
                                NATS EMPEROR SHIPPING LIMITED

By:   */s/ Edward A. Keane*
                                Edward A. Keane (EK 1398)
                                111 Broadway, 10th Floor
                                New York, NY 10006
                                Tel. (212) 385-1422
                                Fax (212) 385-1605
                                <u>File No. 12/3574/B/08/4</u>

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

    1.    My name is EDWARD A. KEANE.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

    3.    I am the attorney for Plaintiff, NATS EMPEROR SHIPPING LIMITED and I am fully authorized to make this Verification on its behalf.

    4.    I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

    5.    The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

    6.    The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:    New York, New York
           April 21, 2008

                                                  EDWARD A. KEANE (EK 1398)