UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NATS EMPEROR SHIPPING LIMITED,   :

               Plaintiff,   :   **DECLARATION IN ACCORDANCE WITH**

                                :   **28 U.S.C. § 1746**

v.                               08 Civ. 3763 (BSJ)

                                :

HAWKNET LIMITED and BROBULK   :
LIMITED,

                                :

               Defendants.
-------------------------------------------------------x

       Tulio R. Prieto, declares, under penalty of perjury, as follows:

       1.      I am admitted to the Bar of this Court, am a member of Cardillo & Corbett, attorneys for defendant, Brobulk Limited ("Brobulk") and submit this declaration in support of Brobulk's motion to vacate the attachment obtained by plaintiff, Nats Emperor Shipping Limited ("Nats Emperor") of its funds in transit through New York intermediary banks and the order directing the attachment of its funds.

       2.      Attached hereto as Exhibit A is the Verified Complaint filed by Nats Emperor.

       3.      Attached hereto as Exhibit B is the Ex Parte Order For Process of Maritime Attachment issued in this case and dated April 22, 2008.

       4.      No prior application has been made for the relief requested herein.

   I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       May 6, 2008

                                                                 /s/ Tulio R. Prieto
                                                                Tulio R. Prieto (TP 8455)

# EXHIBIT

# A

JUDGE JONES

08 CV 3763

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
NATS EMPEROR SHIPPING LIMITED,

        Plaintiff(s),

-against-

HAWKNET LIMITED and BROBULK LIMITED,

        Defendant(s).
----------------------------------------X



    **PLEASE TAKE NOTICE** that Plaintiff, NATS EMPEROR SHIPPING LIMITED, (Plaintiff or "NATS EMPEROR"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, HAWKNET LIMITED ("HAWKNET") and BROBULK LIMITED ("BROBULK"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff makes a claim against Defendants for breach of a maritime contract (see infra).

    3.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

    4.    Defendant HAWKNET is a business entity organized and existing pursuant to the laws of a foreign country.

    5.    Defendant BROBULK is a business entity organized and existing pursuant to the laws of a foreign country.

    6.    Upon information and belief, HAWKNET is a wholly or

partly owned subsidiary of Defendant BROBULK, or vice versa.

7. Upon information and belief, HAWKNET uses Defendant BROBULK as a conduit to pay its debts and obligations and is otherwise an alter ego of BROBULK, or vice versa.

8. Upon information and belief, BROBULK is a shell corporation through which Defendant HAWKNET conducts business, and vice versa.

9. Upon information and belief, HAWKNET has no separate, independent identity from Defendant BROBULK, and vice versa.

10. Upon information and belief, Defendant HAWKNET is the alter ego of Defendant BROBULK because HAWKNET dominates and disregards BROBULK's corporate form to the extent that HAWKNET is actually carrying on the business and operations of BROBULK, as if they were its own, or vice versa.

11. Upon information and belief, BROBULK acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant HAWKNET and/or receives payments being made to Defendant HAWKNET, or vice versa.

12. Defendant BROBULK was named as a receiving agent for Defendant HAWKNET in a sub-charter agreement for the use of the M/V NATS EMPEROR, while the relevant contract was in effect.

13. On or about April 8, 2008, Defendant BROBULK received a payment on behalf of Defendant HAWKNET, from the sub-charterer of the M/V NATS EMPEROR, while the relevant contract was in effect.

14. On or about April 10, 2008, Defendant BROBULK received a payment on behalf of Defendant HAWKNET, from the sub-charterer of

the M/V NATS EMPEROR, while the relevant contract was in effect.

15. Upon information and belief Defendants are affiliated companies such that Defendant BROBULK is now or will soon be holding assets belonging to Defendant HAWKNET, or vice versa.

16. Upon information and belief, BROBULK is a wholly or partly owned subsidiary of Defendant HAWKNET, or vice versa.

17. Plaintiff, as owner, and Defendant HAWKNET, as charterer, entered into a time charter agreement dated February 29, 2008, for the use of the M/V NATS EMPEROR.

18. Under the charter agreement, Defendant was required to make payments to Plaintiff for hire, freight, deadfreight, bunkering, port expenses, and other costs associated with operating the M/V NATS EMPEROR.

19. On or about April 14, 2008, Defendant informed Plaintiff that it would not continue to pay for hire, freight, bunkers, port fees, or any other costs, as required by the charter agreement.

20. On or about April 14, 2008, Defendant revoked the charter agreement entered into by the parties.

21. Defendant breached the relevant agreement by unlawfully and in contravention of the terms of the agreement, failing to pay, among other aspects, hire, freight, dead freight, bunkering, as well as port dues, agency fees, loss of hire, survey fees, and other costs and damages associated with Defendant's breach, including interest and legal fees.

22. As a result of the foregoing, Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the agreement between the parties.

23. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

24. Despite Plaintiff's repeated demands, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement.

25. Pursuant to the agreement, disputes are to be settled by arbitration in London, and Plaintiff will shortly commence arbitration with Defendant, accordingly.

26. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

27. As a result of Defendant's breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $1,102,000.00 |
| Interest (for a period of 3 yrs at 6.0%) | $210,499.63 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $367,000.00 |
| Total | $1,679,499.63 |

28. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

29. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

30. Defendant cannot be found, within the meaning of Rule B

- 4 -

of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiff.

31. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be

- 5 -

served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $1,679,499.63 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

      D.    That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, NY

          April 21, 2008

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP
                              Attorneys for Plaintiff
                              NATS EMPEROR SHIPPING LIMITED

                      By:    _/s/ Edward A. Keane_____
                              Edward A. Keane (EK 1398)
                              111 Broadway, 10th Floor
                              New York, NY 10006
                              Tel. (212) 385-1422
                              Fax (212) 385-1605
                              <u>File No. 12/3574/B/08/4</u>

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                    : SS.:
COUNTY OF NEW YORK  :

1. My name is EDWARD A. KEANE.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, NATS EMPEROR SHIPPING LIMITED and I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:  New York, New York
        April 21, 2008

                                          _____
                                          EDWARD A. KEANE (EK 1398)

-1-

# EXHIBIT

# B

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04-22-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
NATS EMPEROR SHIPPING LIMITED,

        Plaintiff(s),

   -against-                     EX PARTE ORDER FOR
                                 PROCESS OF
HAWKNET LIMITED and BROBULK LIMITED,    MARITIME ATTACHMENT

        Defendant(s).
-------------------------------------X

    WHEREAS, on April 21, 2008, Plaintiff NATS EMPEROR SHIPPING LIMITED ("NATS EMPEROR" or "Plaintiff"), filed a Complaint herein against Defendants **HAWKNET LIMITED ("HAWKNET") and BROBULK LIMITED ("BROBULK")**, for damages in the amount of **$1,679,499.63** and praying for the issuance of Process of Maritime Attachment and Garnishment ("PMAG") pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and

    WHEREAS, the Process of Maritime Attachment and Garnishment would command the United States Marshal or other designated process server attach any and all of Defendants' property within the District of this court; and

    WHEREAS, the Court has reviewed the Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

    ORDERED, that process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for Defendants by any garnishees within this District, including but not limited to Bank of

- 1 -

America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, in the amount of **$1,679,499.63**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and it is further

ORDERED, that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to this Court, be entitled to a prompt hearing at which Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted, and it is further

ORDERED, that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court, and it is further

ORDERED, that following initial service by the United Stated Marshal or other designated process served upon such garnishee, that supplemental or subsequent service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or e-mail to each garnishee and that such garnishee personally served shall furnish to Plaintiff's counsel, the U.S. Marshal or designated process server a facsimile number or e-mail address to which supplemental and/or subsequent services may be made or other verifiable electronic means, including e-mail, if transmitted from within the District shall be deemed to have been made within the district; and it is further

ORDERED, that service on any garnishee as described above is

deemed effective continuous services throughout the day from the time of each service through the opening of the garnishee's business the next business day, and it is further

ORDERED, that pursuant to Federal Rule of Civil Procedure (5)(b)(2)(D) each garnishee may consent to accept service by any other means, and it is further

ORDERED, that a copy of this Order be attached to and served with said process of maritime Attachment and Garnishment.

NOW, on reading and filing the Affidavit of EDWARD A. KEANE, sworn to on April 21, 2008, and good cause having been shown, it is hereby

FURTHER ORDERED, that Edward A. Keane, Cornelius A. Mahoney, Christopher H. Mansuy, Garth S. Wolfson, Jorge A. Rodriguez, Marie Cush, or any other partner, associate, paralegal or other agent of MAHONEY & KEANE, LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Complaint, together with any interrogatories, upon garnishee(s) Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, and/or UBS, together with any other garnishee(s) who (based upon information developed subsequent hereto by Plaintiff) may hold assets of, for, or on behalf of Defendants.

Dated:   New York, New York

April 22, 2008

_____
U.S.D.J.

- 4 -

CERTIFIED AS A TRUE COPY ON
THIS DATE 04-27-08
BY _____
( ) Clerk
( ) Deputy
TOTAL P.18

08 Civ. 3763 (BSJ)

Index No. _____ Year _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATS EMPEROR SHIPPING LIMITED,

Plaintiff,

v.

HAWKNET LIMITED and BROBULK LIMITED,

Defendants.

---

DECLARATION IN ACCORDANCE WITH 28 U.S.C. § 1746

---

Signature (Rule 130-1.1-a)

Print name beneath

---

CARDILLO & CORBETT
Attorneys for BROBULK LIMITED

Office and Post Office Address, Telephone
29 Broadway
NEW YORK, N.Y. 10006
212-344-0464

To

Attorney(s) for

---

Service of a copy of the within is hereby admitted.

Dated,

..................................................

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

CARDILLO & CORBETT
Attorneys for

Office and Post Office Address
29 Broadway
NEW YORK, N.Y. 10006

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on _____ M.

Dated,

Yours, etc.

CARDILLO & CORBETT
Attorneys for

Office and Post Office Address
29 Broadway
NEW YORK, N.Y. 10006

To

Attorney(s) for