UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NATS EMPEROR SHIPPING LIMITED,             :
                              Plaintiff,          :

      v.                                     :

HAWKNET LIMITED and BROBULK    :
LIMITED,
                                           :
                      Defendants.
-----------------------------------------------------------------x

ECF
**REPLY DECLARATION
IN ACCORDANCE WITH
<u>28 U.S.C. § 1746</u>**
08 Civ. 3763 (BSJ)

Urban Bror Hugo Paulsson, declares, under penalty of perjury, as follows:

1.     I am the managing director of defendant, Brobulk Limited ("Brobulk") and submit this second declaration in reply to the answering papers submitted by plaintiff, Nats Emperor Shipping Limited ("Nats Emperor") and in further support of Brobulk's motion to vacate the attachment obtained by Nats Emperor of its funds in transit through New York intermediary banks and the order directing the attachment of its funds.

2.     Nats Emperor has now apparently abandoned the allegations made in its Verified Complaint that Brobulk and defendant Hawknet Limited ("Hawknet") are alter egos of each other. This comes as no surprise given the overwhelming and publicly available evidence that the two defendants are separate and distinct entities, having different offices, directors, officers and shareholders, and that Brobulk is part of a group of companies that has thousands of employees throughout the world. This information was, of course, available to Nats Emperor and its English solicitors before the Verified Complaint alleging that Brobulk dominated and controlled Hawknet, "or vice versa" was

1

filed.

3. It appears, however, that Nats Emperor is now insinuating that Brobulk committed a fraud by making the loans described in my prior Declaration to Hawknet. In fact, part of the transactions between Hawknet and Brobulk involved a payment of hire by Brobulk to Nats Emperor in the amount of $542,100. It is apparent, therefore, that far from being defrauded, Nats Emperor obviously benefitted from the advances made by Brobulk on behalf of Hawknet. Brobulk did not defraud any other creditor of Hawknet either.

4. At the time that Brobulk agreed to enter into the loan transactions with Hawknet and made the loan advances, in March of this year, I had no inkling that Hawknet might be insolvent and saw the proposed loans as an opportunity for Brobulk to get a good return on short term loans. I was not aware of any pending claims, arbitrations or actions against Hawknet, including the claim by Zinifex against Hawknet which Mr. John Hicks, the English solicitor for Nats Emperor makes reference to in his declaration. Apparently neither was Nats Emperor for if it had been aware of such claims, it presumably would not have entered into a multi-million dollar unsecured charter party with Hawknet on February 29, 2008.

5. I most certainly did not intend to avoid any attachment orders issued by the Court. Indeed, I am informed by Brobulk's New York attorneys that the earliest of the actions listed at page 5 of Nats Emperor's Memorandum in Opposition was commenced on April 10, 2008, well after Brobulk and Hawknet had agreed to enter into the loan transactions and after Brobulk had received the last freight payment that Hawknet had assigned to

Brobulk as security for the loan.

6. The allegation by the English solicitor for Nats Emperor, Mr. Hicks, in paragraph 11 of his declaration, that payment of sub-freights to Brobulk thwarted "the attempts by the Owners of the "NATS EMPEROR" and "TOLMI" to exercise their contractual rights of lien on ...subfreights once Hawknet ceased paying the hire due" is nonsense. The freight on the NATS EMPEROR was paid by the sub-charterer of the vessel on April 8, 2008, before Hawknet had failed to pay hire. According to the allegations made by Nats Emperor in its Verified Complaint, ¶¶ 19-20, Hawknet breached its contractual obligations to Nats Emperor on April 14, 2008. Therefore, the sub-freights were paid by the sub-charterer before Nats Emperor had any right to attempt to exercise any lien.

7. As stated in my prior Declaration the transactions were conducted in accordance with the terms of a prior transaction between the parties made in November, 2007, with logical alterations. By logical alterations, I mean that the vessel's names and amounts at issue were changed, but the basic terms remained the same, that is, for a commission of $100,000, Brobulk advanced hire payments to the shipowners and these advances were secured by the assignment of the payments due from the sub-charterer of the vessel. The loan transactions, some of the particulars of which were previously disclosed to the owners of the TOLMI and of the NATS EMPEROR, were in the following amounts, and they took place on the dates set forth below:

MV TOLMI

March 11, 2008 - $1,061,265.00   Brobulk advanced hire to the owners of the
                                 MV Tolmi

March 19, 2008 - $2,740,488.65   Brobulk received freight from the sub-

| | |
|---|---|
| | charterer of the MV Tolmi, Arcelor Mittal |
| March 19, 2008 - $100,000.00 | Commission retained by Brobulk |
| March 19, 2008 - $1,579,223.65 | Balance paid to Hawknet |
| March 25, 2008 - $5,000.00 | Brobulk paid Agriprem a commission |
| MV NATS EMPEROR | |
| March 27, 2008 - $542,100.00 | Brobulk advanced hire to Pitiousa Shipping S.A who were designated by Nats Emperor to receive the hire payments |
| March 27, 2008 - $556,236.97 | Brobulk advanced hire to the owners of the MV Tolmi |
| March 28, 2008 - $200,000.00 | Brobulk advanced $200,000 to Hawknet |
| April 9, 2008 - $1,558,233.76 | Brobulk received freight from the sub-charterers of the MV Nats Emperor, Conagra |
| April 9, 2008 - $100,000.00 | Commission retained by Brobulk |
| April 9, 2008 - $159,896.79 | Balance at Hawknet's direction to GW Walker |
| April 17, 2008- $5,000.00 | Brobulk paid Agriprem a commission |

8. Finally, Mr. Hicks' insinuation that any information has been concealed from Hawknet's liquidator by Brobuck is false. I specifically instructed Brobulk's solicitors to offer to provide to the liquidator all information that he may require in connection with the above loan transactions, and I believe they have done so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true

4

and correct. Executed in London, England, on the 13th day of May, 2008.

_____
Urban Bror Hugo Paulsson