UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATS EMPEROR SHIPPING LIMITED,<br><br>Plaintiff,<br><br>-against-<br><br>HAWKNET LIMITED and BROBULK LIMITED,<br><br>Defendants. | 08 Civ. 3763 (BSJ)<br><br>**ANSWER** |

NOW COMES Defendant, Brobulk Limited ("Brobulk" or "Defendant"), by and through its attorneys, Holland & Knight LLP, answering the First Amended Verified Complaint ("Complaint"), of Plaintiff Nats Emperor Shipping Limited ("Nats Emperor" or "Plaintiff"), and respectfully alleges as follows:

1. Admits that the *alter ego* allegations in the Complaint sound in admiralty and confer maritime jurisdiction over those allegations, denies that the fraud allegations against Brobulk in the Complaint sound in admiralty, and denies the remainder of the allegations set forth in paragraph "1" of the Complaint.

2. The allegations in paragraph "2" of the Complaint are a legal statement to which no response is necessary. To the extent a response is necessary, the allegations are denied.

3. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "3" of the Complaint.

4. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "4" of the Complaint.

5. Admits the allegations set forth in paragraph "5" of the Complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint.

10. Denies the allegations set forth in paragraph "10" of the Complaint.

11. Denies the allegations set forth in paragraph "11" of the Complaint.

12. Admits that Brobulk received monies from a sub-charterer pursuant to a sub-charter agreement for use of the M/V Nats Emperor pursuant to a loan agreement between Brobulk and Hawknet Limited ("Hawknet"), but denies the remainder of the allegations set forth in paragraph "12" of the Complaint.

13. Admits that on or about April 9, 2008, Brobulk received a payment of $1,588,233.76 from the sub-charterer of the M/V Nats Emperor, pursuant to the loan agreement between Brobulk and Hawknet, but denies the remainder of the allegations set forth in paragraph "13" of the Complaint.

14. Admits that on or about April 10, 2008, Brobulk received a payment of $67,997.78 from the sub-charterer of the M/V Nats Emperor, but denies the remainder of the allegations set forth in paragraph "14" of the Complaint.

15. Admits that a bill of lading was submitted to the Court by counsel for Plaintiff which document indicates the place and date of issue as Yantai, China, but denies the remainder of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Admits that Brobulk was paid a fee for its loan to Hawknet out of the sub-charterer's payments, pursuant to the loan agreement between Brobulk and Hawknet, but denies the remainder of the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Admits that Brobulk was paid a fee for its loan to Hawknet pursuant to the loan agreement between Brobulk and Hawknet and remitted monies to G.W. & J. Walker, but denies the remainder of the allegations set forth in paragraph "19" of the Complaint.

20. Admits that on or about April 9, 2008, pursuant to instructions received from Hawknet, Brobulk remitted $159,896.79 to G.W. & J. Walker, but denies the remainder of the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies all allegations with respect to Brobulk's knowledge as set forth in paragraph "23" of the Complaint, but denies knowledge or information sufficient to form a belief as to the truth or falsity concerning the remainder of the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Admits that a time charter agreement, dated February 29, 2008, was submitted to the Court by counsel for Plaintiff, as set forth in paragraph "28" of the Complaint, and respectfully submits the document speaks for itself. To the extent an affirmative response is required, denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "28" of the Complaint.

29. Admits that a time charter agreement, dated February 29, 2008, was submitted to the Court by counsel for Plaintiff, as set forth in paragraph "29" of the Complaint, and respectfully submits the document speaks for itself. To the extent an affirmative response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "30" of the Complaint, but denies Defendant Brobulk made any statements to Plaintiff on or about April 14, 2008.

31. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "31" of the Complaint, but denies Defendant Brobulk revoked any charter agreement on April 14, 2008 with Plaintiff.

32. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "32" of the Complaint, but denies Defendant Brobulk breached any "relevant" agreement with Plaintiff.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Admits that Plaintiff has put Defendant Brobulk on notice that Plaintiff has a breach of charter claim and denies any liability to Plaintiff in that regard, and denies knowledge or information sufficient to admit or deny the remainder of the allegations set forth in paragraph "34" of the Complaint.

35. Admits that Defendant Brobulk has not made any payments to Plaintiff in connection with a breach of charter claim, and denies the remainder of the allegations set forth in paragraph "35" of the Complaint.

36. Admits that pursuant to the time charter agreement, dated February 29, 2008, submitted to the Court by counsel for Plaintiff, "all disputes or differences arising under or in connection with this contract" are to be settled by arbitration in London, but denies knowledge or information sufficient to admit or deny the remainder allegations set forth in paragraph "36" of the Complaint.

37. Admits that the time charter speaks for itself with regard to arbitration, but denies the remainder of the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. The allegations in paragraph "39" of the Complaint are a legal statement to which no response is necessary. To the extent a response is necessary, the allegations are denied.

40. The allegations in paragraph "40" of the Complaint are a legal statement to which no response is necessary. To the extent a response is necessary, the allegations are denied.

41. Admits that a garnishee bank in this District has attached monies belonging to Defendant Brobulk in connection with this action, but denies the remainder of the allegations set forth in paragraph "41" of the Complaint.

42. The allegations in paragraph "42" of the Complaint are a legal statement to which no response is necessary. To the extent a response is necessary, the allegations are denied.

**FURTHER ANSWERING THE COMPLAINT, AND AS FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANT BROBULK STATES:**

43. The Complaint fails to state a cause of action upon which relief may be granted.

44. Brobulk is not liable to Nats Emperor on the causes of action alleged in the Complaint.

45. This Court lacks subject matter jurisdiction concerning the fraud allegations in the Complaint.

46. There is no diversity jurisdiction in this case.

47. This Court lacks *in personam* jurisdiction over Brobulk.

48. This Court lacks *quasi in rem* jurisdiction over Brobulk.

49. Nats Emperor has improperly and/or insufficiently served process on Brobulk.

50. The fraud allegations against Brobulk were pled without the necessary specificity required under Supplemental Rule E(2)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

51. The fraud allegations against Brobulk were pled without the necessary specificity required under Federal Rule of Civil Procedure 9(b).

52. Nats Emperor's claims are barred by the equitable doctrine of unclean hands.

53. This is an inconvenient forum.

54. Any damages sustained by Nats Emperor, as alleged in the Complaint, which are denied, were proximately caused by the acts of third persons over whom Brobulk has no direction or control.

55. Nats Emperor has failed to mitigate its damages or, in the alternative, has mitigated its damages so as to avoid its losses.

56. This Answer is made without waiver of any of Brobulk's jurisdictional defenses or rights to arbitrate that may exist or may be found to exist between or among the parties.

## RULE 44.1 NOTICE

Defendant Brobulk hereby makes this notice in accordance with Federal Rule of Civil Procedure 44.1: Nats Emperor's claim herein and the allegations made by it in large part, if not in total, are subject to English law. Thus, Defendant Brobulk provides notice of its intent to rely on English law as appropriate in this action.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant Brobulk respectfully requests that this Court dismiss the Plaintiff's Complaint against it with prejudice and grant Brobulk such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 9, 2008

HOLLAND & KNIGHT LLP

By: _____
James H. Hohenstein
Christopher R. Nolan
195 Broadway
New York, New York 10007
Telephone: (212) 513-3200
Telefax: (212) 385-9010 fax
E-mail: james.hohenstein@hklaw.com
       chris.nolan@hklaw.com
*Attorneys for Defendant Brobulk Limited*

To: Edward A. Keane, Esq.
Mahoney & Keane, LLP
11 Hanover Square at 76 Beaver Street
New York, NY 10006

*Attorneys for Nats Emperor Shipping Limited*

# 5385084_v1